**Gilberto William GOMEZ–BELENO, Sandra Avila Gaviria, a.k.a. Sandra Avila Gavaria, Petitioners,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–0874–ag.

United States Court of Appeals, Second Circuit.

Sept. 3, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**412**

Anne Pilsbury, Central American Legal Assistance, Brooklyn, NY, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Scott Rempell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. ROSEMARY S. POOLER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioners, natives and citizens of Colombia, seek review of a February 6, 2007 order of the BIA affirming the September 4, 2002 decision of Immigration Judge ("IJ") Joseph A. Russelburg, which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gomez–Beleno*, Nos. A95 462 655/656 (B.I.A. Feb. 6, 2007), *aff'g* Nos. A95 462 655/656 (Immig. Ct. N.Y. City Sept. 4, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA affirmed and supplemented the IJ's findings that Gomez–Beleno did not establish a nexus between his fear of persecution and a protected ground, and its rejection of his CAT claim, but twice declined to reach the IJ's adverse credibility determination. Accordingly, we review the IJ's burden findings as supplemented by the BIA and assume, without deciding, Gomez–Beleno's credibility. *See id.*; *Yan Chen*, 417 F.3d at 271; *Dong Gao v. BIA*, 482 F.3d 122, 125 (2d Cir.2007).

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428

F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In order to establish eligibility for asylum or withholding of removal, an applicant must demonstrate that the harm she suffered or claims to fear bears a nexus to one of the protected grounds: race, religion, nationality, political opinion, or particular social group. 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A). In concluding that Gomez–Beleno failed to provide "sufficient evidence" that the threats the Columbian Revolutionary Armed Forces ("FARC") made against him were motivated by his political opinion, imputed or otherwise, the BIA agreed with the IJ's conclusion that such threats were "acts of extortion or recruitment intended to obtain his employment services ... or information." The BIA agreed with the IJ's finding that the "only evidence ... related to a possible political opinion" was Gomez–Beleno's testimony that when a FARC member called him a third time, he said he was not interested in assisting them "because I did not agree with their ideals." The BIA found further support for the IJ's nexus finding in the wording of the written death threat, or sufragio,[2] that Gomez Beleno received. In its decision, the BIA quoted the sufragio as stating that Gomez–Beleno would be killed due to his "unwillingness to collaborate *without* cause." In fact, the translation in the record indicates that the sufragio stated that Gomez–Beleno would be killed due to his "unwillingness to collaborate *with our* cause." This mischaracterization of the record warrants remand. *See Dong Gao v. BIA,* 482 F.3d at 127 ("Although the substantial evidence standard leaves fact-finding to the agency, 'it does not permit an appellate court to defer to unreasoned rulings, or those based on legal error, faulty analysis, or misreadings of the record.' "). Indeed, its significance is plain: "without cause" may suggest that the FARC did not know the reason for Gomez–Beleno's refusal to assist them, while "with our cause" implies that the FARC believed that Gomez–Beleno would not assist them because he did not support their cause. As Gomez–Beleno argues, the sufragio may well establish that the FARC changed its focus from recruiting him to punishing him "for his attitude."

The Government argues that because any persecution Gomez–Beleno fears stems from his refusal to be recruited by the FARC, he necessarily cannot establish a nexus to political opinion. However, in *Delgado v. Mukasey* we held that the BIA erred in failing to consider a claim of imputed political opinion because, although the petitioner's original kidnapping by the FARC was not politically motivated, her refusal to provide further technological assistance could have been perceived as a refusal to cooperate with the FARC, which, in turn, may have led the FARC to impute a political opinion to her. *Delgado v. Mukasey,* 508 F.3d 702, 707 (2d Cir. 2007).[3] Thus, while the Government cor-

---

2. According to Gomez–Beleno, a sufragio is a type of "greeting card, usually sent as a condolence card when someone has died, but used in Colombia to signify that someone, the recipient, will soon die."

3. Contrary to the Government's argument, our decision in *Delgado* is not in tension with the Supreme Court's holding in *INS v. Elias–Zacarias,* 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The Government argues without elaboration that to the extent that *Delgado* implies that "opposition to collaboration by itself warrants a finding that persecution was motivated by political opinion" it is "wholly contrary" to *Elias–Zacarias,* which held that resistance to forced recruitment does not amount to the expression of a political opinion. However, the Supreme Court in *Elias–Zacarias* expressly declined to determine whether a refusal to fight could consti-

rectly argues that evidence of resistance to forced recruitment alone is insufficient to establish eligibility for relief, where the applicant produces evidence that the "recruiter" believes that the applicant's resistance was politically motivated, he may establish the requisite nexus. *See Elias–Zacarias,* 502 U.S. at 483, 112 S.Ct. 812; *Delgado,* 508 F.3d at 707.

Had the BIA correctly read the sufragio as threatening Gomez–Beleno because of his "unwillingness to collaborate with our cause," it may have found that the FARC perceived his refusal to collaborate as opposition to the FARC "cause," and that the FARC thus imputed a political opinion to Gomez–Beleno. *See Delgado,* 508 F.3d at 707. Because the agency's nexus determination rested in part on its mischaracterization of a significant part of the record, and because that determination was the sole basis for the BIA's denial of Gomez–Beleno's asylum and withholding of removal claims, we cannot predict with confidence that the BIA would deny relief in the absence of its error. Thus, remand is warranted. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006); *see also Dong Gao,* 482 F.3d at 127.

We also remand Gomez–Beleno's CAT claim to the BIA. Significantly, both parties agree that the BIA failed to consider whether the term "government" in the regulations implementing CAT applies to the FARC as the de facto government in parts of Colombia.[4] The regulations implementing CAT require that torture be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Gomez–Beleno argued before the BIA that while CAT protection is not ordinarily available for persons fearing torture by an armed insurgency, Colombia "presents a special and close case" because the actual government has ceded de facto control over large areas of the country, removing its personnel and leaving the "FARC's militants [to] become the public officials." The BIA did not address this argument, and treated Gomez–Beleno's CAT claim as though it was based on the Colombian government's acquiescence to the FARC. While it is unclear whether Gomez–Beleno's claim is viable, remand is appropriate in light of the BIA's failure to address it, particularly where both parties agree that the BIA erred in this respect. *See Mufied v. Mukasey,* 508 F.3d 88, 91–92 (2d Cir. 2007).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

---

tute a political opinion of neutrality, instead finding that even if it was, the petitioner failed to show that a reasonable fact-finder would be compelled to conclude that the guerillas persecuted him because of such a political opinion. *Elias–Zacarias,* 502 U.S. at 483, 112 S.Ct. 812. Accordingly, *Elias–Zacarias* is not inconsistent with this Court's observation in *Delgado* that the petitioner's testimony that she would be targeted by the FARC for "betraying" them by fleeing *"could* well qualify as persecution for an imputed political opin-

ion (opposition to the FARC)." *Delgado,* 508 F.3d at 707 (emphasis added).

4. The Government argues that remand is appropriate on this limited basis. Gomez–Beleno, however, argues that in the unusual circumstances of this case, we should assume that he is credible and grant his CAT claim. However, we decline to do so and instead remand to the agency for it to make a determination in the first instance. *See Gonzales v. Thomas,* 547 U.S. 183, 186, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006).

stay of removal in this petition is DIS-MISSED as moot.